UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENI SHAMAEV,<br><br>  Petitioner,<br><br>  v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*,<br><br>  Respondents. | No. 1:25-cv-01283-CDB (HC)<br><br>ORDER APPOINTING COUNSEL FOR PETITIONER<br><br>(Doc. 15)<br><br><u>Clerk of the Court to Serve Federal Defender</u> |

Petitioner Deni Shamaev ("Petitioner"), a federal detainee, proceeds pro se and *in forma pauperis* with a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. (Doc. 1). On September 29, 2025, Petitioner filed the instant petition while in custody of Immigration and Customs Enforcement ("ICE") at Golden State Annex in McFarland, located in Kern County, California, which is where he is currently incarcerated. *Id.* at 2.

Pending before the Court is Petitioner's motion seeking Court appointment of counsel. (Doc. 15). In support of his motion, Petitioner advances grounds that he has a strong chance of success on the merits as explained in his petition, he lacks fluency in English, he may lack competency to pursue the action, and that given his status as a detained immigrant and the complexity of the law on the issue of immigration detention, he would have great difficulty in presenting the case without the assistance of counsel. *Id.* at 2.

///

**Governing Legal Standard**

There is no constitutional right to counsel in federal habeas proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993). However, the Criminal Justice Act 18 U.S.C. § 3006A, authorizes the Court to appoint counsel for a financially eligible person who seeks relief under § 2254 when the "court determines that the interest of justice so require." *Id*. at § 3006A(a)(2)(B); *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (prisoners not entitled to appointed counsel "unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations."). Moreover, the *Rules Governing Section 2254 Cases in the United States District Courts* require the Court to appoint counsel: (1) where discovery is authorized on a showing of good cause and counsel is deemed "necessary" to facilitate effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted for the disposition of a petition. *See* Habeas Rules 6(a) and 8(c).[1]

**Discussion**

In the petition, Petitioner states that he has been detained for 11 months without any upcoming court date scheduled. Petitioner states he has friends who can sponsor and support him when released and provides a California address as his place of residence. (Doc. 1 at 5-6). The allegations in the petition suggest that either Petitioner was previously released from immigration detention and was re-detained, or that Petitioner was detained after having resided in the United States for a length of time.

Further, as of the date of this order, despite the Court's directions, it appears Respondents have failed to properly serve Petitioner with their opposition to Petitioner's petition, which is long overdue. (Docs. 12, 14, 16, 17, 18, 19). In light of these circumstances and Petitioner's representations in his motion, the Court finds that the interests of justice would be served by the appointment of counsel.

///

///

---

[1] The Rules governing 28 U.S.C. § 2254 cases in the United States Courts are appropriately applied to proceedings pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. Petitioner's motion for appointment of counsel (Doc. 15) is GRANTED.
2. Counsel is APPOINTED for Petitioner.
3. The Clerk of the Court shall serve a copy of this order on the Federal Defender, Attention: Habeas Appointment.
4. Within seven (7) days of the date of service of this order, the Federal Defender, as appointing authority for the Eastern District of California, SHALL:
    a. Identify counsel and send counsel's contact information to the undersigned's courtroom deputy Cori Boren at cboren@caed.uscourts.gov, and counsel will be added as counsel for Petitioner, or
    b. If counsel is not with the Federal Defender nor a member of the Eastern District of California Criminal Justice Act Panel, file a motion to appoint counsel as CJA counsel *pro hac vice*.
5. The deadline for Petitioner to file his response/traverse to Respondents' opposition remains February 24, 2026 (*see* Doc. 19).

IT IS SO ORDERED.

Dated: **January 27, 2026**

_____
UNITED STATES MAGISTRATE JUDGE