UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENI SHAMAEV,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*,<br><br>Respondents. | Case No. 1:25-cv-01283-CDB (HC)<br><br>ORDER FINDING PETITIONER MAY AMEND PETITION AS A MATTER OF COURSE AND WITHOUT LEAVE OF COURT<br><br>(Docs. 25, 28)<br><br>ORDER GRANTING PETITIONER'S UNOPPOSED MOTION TO PROCEED UNDER PSEUDONYM<br><br>(Doc. 26)<br><br>**7-Day Deadline** |

Petitioner Deni Shamaev ("Petitioner"), a federal immigration detainee, proceeds with a petition for writ of habeas corpus filed under 28 U.S.C. § 2241.  (Doc. 1).

**Background**

On October 3, 2025, the Court issued its order setting a briefing schedule and directing Respondents to file a response to the petition.  (Doc. 5).  Respondents filed their opposition on November 17, 2025.  (Doc. 9).  On December 10, 2025, Petitioner filed a motion for extension of time to file his traverse wherein he represented he had not received a copy of Respondents' opposition. (Doc. 10).  The Court granted Petitioner's motion.  (Doc. 12).

Respondents' opposition was filed without proof of service, in violation of Local Rule 135,

prompting the Court to question whether the opposition had been served on Petitioner. *See id.* Over the course of the ensuing weeks, the Court entered orders attempting to gain assurance from Respondents that their opposition was served on Petitioner. *See* (Docs. 12, 17, 19). To date, the Court lacks confidence that Respondents ever properly served their opposition.

On January 28, 2026, the Court appointed counsel for Petitioner, (Doc. 20), who now has appeared and filed a purported first amended petition and motion to proceed under pseudonym, which counsel for Petitioner represents is unopposed by Respondents. (Docs. 24-26, 28).

**Discussion**

**A. First Amended Petition**

Rule 15 permits amendment of a pleading once as a matter of course no later than 21 days after service or 21 days after service of a responsive pleading or motion to dismiss, whichever is earlier. *See* Fed. R. Civ. P. 15(a)(1). After such time has passed or petitioner has once amended their complaint, amendment may only be by leave of the court or by written consent of the adverse parties. Fed. R. Civ. P. 15(a)(2). "Rule 15(a) is very liberal" and a court should freely give leave to amend when "justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *see Chodos v. W. Publ. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("it is generally our policy to permit amendment with 'extreme liberality'") (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)).

Here, as set forth above, the record is unclear as to whether Respondent has, in fact, effected service of their opposition upon Petitioner. Regardless, even if the Court were to find that service was effective as set forth in the "amended certificate" filed by Respondents (Doc. 22), Rule 15 permits Petitioner to amend the petition once as a matter of course "no later than … 21 days after service of a responsive pleading or motion to dismiss, whichever is earlier." *See* Fed. R. Civ. P. 15(a)(1). The "amended certificate" provides that a copy of Respondents' opposition was mailed on January 28, 2026. (Doc. 22). Petitioner filed his first amended petition on February 18, 2026, which is 21 days after the date of mailing of Respondents' opposition. Accordingly, Petitioner is entitled to file the first amended petition as a matter of course without leave of court.

///

2

**B. Motion to Proceed under Pseudonym**

"[M]any federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). "In this circuit…parties [may] use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary…to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id*. at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). "[A] district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id*. at 1068.

In support of his request to proceed under pseudonym, Petitioner asserts that he has a pending asylum claim based on harm and torture inflicted upon him by government officials in Russia. (Doc. 26 at 5). In addition, he has "submitted private medical and mental health records to the Court" which are "highly sensitive" and maintaining his anonymity is "appropriate to protect his privacy relating to his mental health diagnosis and treatment." *Id.* at 7. Respondents do not oppose the motion. *Id.* at 8.

Having considered the factors set forth in *Advanced Textile* and as the motion is unopposed, the Court will grant the motion.

**Conclusion and Order**

For the foregoing reasons, IT IS HEREBY ORDERED:

1. Petitioner's first amended petition (Doc. 28) is DEEMED the operative petition;

2. Respondents SHALL FILE their response to the first amended petition **within seven (7) days** of entry of this order.

3. Petitioner's unopposed motion to proceed under pseudonym (Doc. 26) is GRANTED. All parties and their counsel shall use the pseudonym "John Doe" in place of Petitioner's legal name in all future pleadings and papers filed in this action.

4. The parties are prohibited from disclosing or publishing the true name of the Petitioner except by order of this Court and as necessary toward the prosecution or defense of the case.

5. Pursuant to 8 C.F.R. § 208.6(b), Respondents SHALL file only under seal, in compliance with Local Rule 141, any documents pertaining to Petitioner's underlying immigration proceedings.

IT IS SO ORDERED.

Dated:    **February 19, 2026**

_____

UNITED STATES MAGISTRATE JUDGE

4