UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>           Petitioner,<br><br>    v.<br><br>WARDEN OF THE GOLDEN STATE<br>ANNEX DETENTION FACILITY, *et al.*,<br><br>           Respondents. | Case No.  1:25-cv-01283-CDB<br><br>ORDER GRANTING IN PART PARTIES'<br>JOINT REQUEST TO SEAL DOCUMENTS<br><br>(Docs. 33, 34)<br><br>**7-Day Deadline** |

Petitioner John Doe, a federal immigration detainee proceeding under pseudonym, initiated this action on September 29, 2025, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. 1).  Petitioner is in custody the of Immigration and Customs Enforcement ("ICE") at the Golden State Annex facility.  *Id.* ¶ 1.  On February 20, 2026, the Court granted Petitioner's motion to proceed under pseudonym and directed Respondents to file documents under seal pursuant to 8 C.F.R. § 208.6(b).  (Doc. 29).

Pending before the Court is the parties' amended joint request to seal certain exhibits filed in this action.  (Doc. 34).

**Discussion**

    **a.  Governing Law**

Under the First Amendment, the press and the public have a presumed right of access to court proceedings and documents.  *See generally Press-Enterprise Co. v. Super. Ct.*, 464 U.S. 501,

510 (1985); *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *cf. Olympic Ref. Co. v. Carter*, 332 F.2d 260, 264 (9th Cir. 1964) ("In the federal judicial system trial and pretrial proceedings are ordinarily to be conducted in public."). As a general rule, the public is permitted 'access to litigation documents and information produced during discovery.'" *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Phillips v. Gen. Motors Corp.*, 307 F. 3d 1206, 1210 (9th Cir. 2002) and citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. Cty. & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

Where, as here, a party seeks to bar the public from accessing a litigation document in connection with a dispositive filing, this presumed right can be overcome if that party demonstrates "compelling reasons" supported by specific factual findings why sealing the record outweighs the historical preference for disclosure. *Kamakana*, 447 F.3d at 1178-79. The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard, which is a "high threshold." *Id.* at 1180.

### b. Analysis

Here, the parties jointly request to seal exhibits attached to Respondents' opposition to the initial petition (Doc. 9-1 at 1-5; Doc. 9-2 at 1-55), to Petitioner's initial traverse (Doc. 13 at 5-44), to Petitioner's first amended petition (Doc. 28-1 at 30-53[1]), and to Respondents' opposition to the first amended petition (Doc. 30 at 17-19). (Doc. 34 at 2).

Asylum applications are generally kept confidential. *See, e.g.*, *Kharis v. Sessions*, No. 18-cv-04800-JST, 2018 WL 5809432, at *3 (N.D. Cal. Nov. 6, 2018) (citing 8 C.F.R. § 208.6 and noting that "there are compelling reasons to keep this particular information confidential, given the sensitive nature of asylum applications alleging fear of persecution or harassment").

---

[1] In reference to the first amended petition (Doc. 28-1) only, the parties' pagination appears to refer to the PDF-generated page numbers, rather than the CM/ECF-generated page numbers. The Court uses herein the CM/ECF page numbers going forward in reference to all documents, including the first amended petition (Doc. 28-1).

2

Certain exhibits accompanying Petitioner's traverse in response to Respondents' opposition to the initial petition contain references to protected health information (Doc. 13 at 4-8, 40-41) and attach medical records (*id.* at 9-39). The traverse also attaches an exhibit relating to a custody redetermination hearing that does not contain any such information; however, as this exhibit is identical to a later-filed exhibit found appropriately redacted *infra* (namely, Doc. 28, Ex. E), it will be ordered sealed (Doc. 13 at 42-43). The Court finds that, in the absence of closure, the compelling interests related to privacy of Petitioner's protected health information would be harmed and that there are no additional alternatives to sealing the documents that would adequately protect the compelling interests. Thus, the Court will seal the exhibits to the traverse (Doc. 13 at 4-43). As the traverse contains identifying information and, as the exhibits attached thereto are contained in a single document, the Court will order the sealing of the filing in its entirety and direct Petitioner to file a redacted copy of the traverse publicly on the docket, omitting the exhibits therefrom.

Exhibit 8 to Respondents' opposition to the first amended petition relates to asylum proceedings (Doc. 30 at 17-19). The Court finds that, in the absence of closure, the compelling interests set forth in the Court's prior order (Doc. 29) would be harmed and that there are no additional alternatives to sealing the documents that would adequately protect the compelling interests. *See Doe v. Andrews*, No. 1:25-cv-00506-SAB-HC, 2025 WL 1856591, at *3-4 (E.D. Cal. June 26, 2025) (noting that "Respondents shall continue to be bound by 8 C.F.R. § 208.6(b) and shall file future filings covered by this order under seal in compliance with Local Rule 141"). Thus, the Court will grant the request to seal Exhibit 8.

The exhibits filed by Petitioner in support of Petitioner's first amended petition have been redacted. (Doc. 28-1 at 4-23). The Court finds the redactions appropriate to protect the compelling interests noted above. *Id.* at 4-27. The Court will direct Petitioner to file under seal the unredacted exhibits.

Five exhibits attached to Respondents' opposition to the initial petition are identical to redacted exhibits attached to the first amended petition. (Doc. 9-2, Exs. 1, 2, 4, 5, 7). Thus, the Court will order the sealing of these exhibits. Another exhibit contains medical records with protected health information. *Id.* at 32, 41-46. Therefore, the Court will order the sealing of the

medical records.  The remaining exhibits attached to Respondents' opposition, as well as the declaration of Alejandro Parra Jaimes, do not relate to asylum proceedings nor any other provision of 8 C.F.R. § 208.6.  The parties do not set forth any other basis establishing compelling interests for the sealing of these records.  *See* (Doc. 34).  Thus, the Court will deny the parties' request to seal the remainder of the exhibits attached to Respondents' opposition to the initial petition.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1.  The parties' joint request to seal documents (Docs. 33, 34) is GRANTED in part.

2.  The Clerk of the Court is directed to seal Exhibit 8 to Respondents' opposition to the first amended petition (Doc. 30 at 17-19), and seal in their entirety Petitioner's traverse (Doc. 13) and the exhibits (Doc. 9-2) attached to Respondents' opposition to the initial petition.  The opposition itself and the accompanying declaration (Docs. 9, 9-1) shall remain unsealed.

3.  **Within seven (7) days** of the date of this Order, Respondents SHALL file publicly on the docket Exhibit 3 and Exhibit 6 to their opposition to the initial petition (Doc. 9-2, Exs. 3, 6).  Respondents shall omit from their filing the pages of Exhibit 6 that contain sensitive medical information (*id.* at 32, 41-46).

4.  **Within seven (7) days** of the date of this Order, Petitioner SHALL file publicly on the docket his initial traverse (Doc. 13).  Petitioner shall redact his name and identifying information.  Petitioner shall omit from his filing the exhibits to the traverse (*i.e.*, Tabs A, B, C).

5.  **Within seven (7) days** of the date of this Order, Respondents SHALL lodge a copy of this Order, the request for sealing, and the documents to be sealed (Doc. 9-2, Exs. 1, 2, 4, 5, 6, 7; Doc. 30 at 17-19) by email to the Operations Section of the Clerk of the Court:

    ApprovedSealed@caed.uscourts.gov

6.  **Within seven (7) days** of the date of this Order, Petitioner SHALL lodge a copy of this Order, the request for sealing, and the documents to be sealed (Doc. 13 at 4-43;

4

Doc. 28-1 at 4-23) by email to the Operations Section of the Clerk of the Court:

ApprovedSealed@caed.uscourts.gov

IT IS SO ORDERED.

Dated:    **April 20, 2026**

_____
UNITED STATES MAGISTRATE JUDGE