UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN DOE
(A-Number: 245-519-793),

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*,

Respondents.

Case No. 1:25-cv-01283-CDB

ORDER GRANTING IN PART PETITIONER'S REQUEST TO SEAL DOCUMENTS

(Doc. 52)

**Deadline – Aug. 14, 2026**

Petitioner John Doe, a federal immigration detainee proceeding under pseudonym, initiated this action on September 29, 2025, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). Petitioner is in custody the of Immigration and Customs Enforcement ("ICE") at the Golden State Annex facility. *Id.* ¶ 1. On February 20, 2026, the Court granted Petitioner's motion to proceed under pseudonym and directed Respondents to file documents under seal pursuant to 8 C.F.R. § 208.6(b). (Doc. 29). On April 20, 2026, the Court granted the petition in part. (Doc. 38). On May 7, 2026, Petitioner filed a motion to enforce judgment. (Doc. 51). By separate order of this date, the Court has denied Petitioner's motion to enforce judgement.

Pending before the Court is the Petitioner's request to seal documents consisting of exhibits to Petitioner's motion to enforce judgment. (Doc. 52). Respondents did not file any opposition to the request and the time to do so has passed.

**Governing Authority**

Under the First Amendment, the press and the public have a presumed right of access to court proceedings and documents. *See generally Press-Enterprise Co. v. Super. Ct.*, 464 U.S. 501, 510 (1985); *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *cf. Olympic Ref. Co. v. Carter*, 332 F.2d 260, 264 (9th Cir. 1964) ("In the federal judicial system trial and pretrial proceedings are ordinarily to be conducted in public."). As a general rule, the public is permitted 'access to litigation documents and information produced during discovery.'" *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Phillips v. Gen. Motors Corp.*, 307 F. 3d 1206, 1210 (9th Cir. 2002) and citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. Cty. & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

Where, as here, a party seeks to bar the public from accessing a litigation document in connection with a dispositive filing, this presumed right can be overcome if that party demonstrates "compelling reasons" supported by specific factual findings why sealing the record outweighs the historical preference for disclosure. *Kamakana*, 447 F.3d at 1178-79. The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard, which is a "high threshold." *Id.* at 1180.

**Discussion**

Petitioner seeks to file under seal certain exhibits to his motion to enforce judgment. Petitioner provides no argument in support of his request, only referencing the Court's initial order granting his motion to proceed under pseudonym (Doc. 29). In its order, the Court cited to 8 C.F.R. § 208.6(b), which protects from disclosure information referencing a specific noncitizen's application for refugee admission, asylum, withholding of removal under section 241(b)(3) of the Immigration and Nationality Act, or protection under regulations issued pursuant to the Convention Against Torture's implementing legislation, records pertaining to any credible fear determination conducted pursuant to § 208.30, and records pertaining to any reasonable fear determination

conducted pursuant to § 208.31. 8 C.F.R. § 208.6(b).

Asylum applications are generally kept confidential. *See, e.g.*, *Kharis v. Sessions*, No. 18-cv-04800-JST, 2018 WL 5809432, at *3 (N.D. Cal. Nov. 6, 2018) (citing 8 C.F.R. § 208.6 and noting that "there are compelling reasons to keep this particular information confidential, given the sensitive nature of asylum applications alleging fear of persecution or harassment"). The records Petitioner seeks to have sealed are voluminous. The Court will address each exhibit in turn.

Exhibits A and B relate to the bond hearing at issue in Petitioner's motion to enforce judgment (Doc. 51). Upon review, the Court finds that Exhibits A and B may be redacted to remove identifying information and any references to asylum proceedings. As Petitioner does not set forth any further basis for sealing Exhibits A and B, the Court finds redactions to be appropriate to protect the compelling interests noted in the Court's prior order (Doc. 29). The Court will direct Petitioner to file publicly on the docket redacted copies of Exhibits A and B removing identifying information and references to asylum proceedings, and to file under seal the unredacted copies.

As to Exhibits C and D, the Court finds that redaction would be unduly burdensome and the documents included therein contain protected health information and significant amounts of identifying information, as well as financial information pertaining to third parties. Thus, to protect the compelling interests noted above and the interests of third parties, the Court will grant Petitioner's request and direct Petitioner to file Exhibits C and D and under seal.

Lastly, Exhibit E references asylum proceedings and, accordingly, the Court will grant the request to seal as redaction would render it substantially incomprehensible.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. Petitioner's request to seal (Doc. 52) is GRANTED in part.
2. **No later than August 14, 2026**, Petitioner SHALL file publicly on the docket Exhibits A and B. Petitioner shall redact his name and identifying information and any information relating to asylum proceedings. Petitioner shall omit from his filing the exhibits to the immigration judge's bond decision (*i.e.*, Exhibit C).
3. **No later than August 14, 2026**, Petitioner SHALL lodge a copy of this Order, the

request for sealing, and the documents to be sealed (unredacted Exhibits A and B, as well as Exhibits C, D, and E) by email to the Operations Section of the Clerk of the Court for sealing:

ApprovedSealed@caed.uscourts.gov

IT IS SO ORDERED.

Dated: **August 7, 2026**

UNITED STATES MAGISTRATE JUDGE